UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BILLYJO M.,

                Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:17-CV-00636 EAW

## INTRODUCTION

Plaintiff BillyJo M. ("Plaintiff") moves for attorneys' fees in the amount of $7,020.15 pursuant to 42 U.S.C. § 406(b). (Dkt. 31; *see also* Dkt. 22). The Commissioner of Social Security ("the Commissioner") does not object to the amount that Plaintiff seeks but challenges the motion's timeliness. (Dkt. 33). For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

On July 11, 2017, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1). Plaintiff moved for judgment on the pleadings on February 22, 2018. (Dkt. 10). The Commissioner submitted her response and cross-motion for judgment on the pleadings on April 16, 2018. (Dkt. 13). On July 31, 2018, the Court granted Plaintiff's motion in part, denied the Commissioner's cross motion, and remanded the matter to the Commissioner for further administrative proceedings. (Dkt. 15).

By Stipulated Order filed October 2, 2019, the Court approved payment to

Plaintiff's counsel of $4,550.00 for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  (Dkt. 21).

Thereafter, the Commissioner issued a Notice of Award on April 14, 2020, in connection with Plaintiff's claims, indicating that $13,001.40 was withheld to pay Plaintiff's representative, amounting to 25 percent of Plaintiff's past due benefits.  (Dkt. 22-3 at 4; Dkt. 22-1 at ¶ 4).  The Commissioner did not initially send a copy of the Notice of Award to Plaintiff's counsel, and thus it was not received by counsel until August 11, 2020.  (Dkt. 22-1 at ¶ 4; Dkt. 33 at 2, 5).

On August 25, 2020, Plaintiff moved for attorneys' fees pursuant to 42 U.S.C. § 406(b).  (Dkt. 22).  The Commissioner challenged Plaintiff's motion for attorneys' fees on the grounds that it was filed outside of the 14-day filing period proscribed by Federal Rule of Civil Procedure 54(d)(2)(B) and this District's Local Rule of Civil Procedure 5.5(g)(1).  (Dkt. 25 at 4 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019)).  With the Court's leave, Plaintiff then filed a reply addressing the Commissioner's timeliness challenge and requesting that the Court hold Plaintiff's motion for attorneys' fees in abeyance until counsel could ascertain the agency representative's fee award pursuant to 42 U.S.C. § 406(a).  (Dkt. 28).  The Court granted Plaintiff's request to hold Plaintiff's motion for attorneys' fees in abeyance.  (Dkt. 29).

On December 21, 2020, Plaintiff filed an amended motion seeking $7,020.15, which represents 25 percent of Plaintiff's total award less the fee award of $5,981.25 for which Plaintiff's agency representative applied.  (Dkt. 31-1 at ¶¶ 4-7).  Counsel acknowledges that if he receives the requested fee, he must refund to Plaintiff the $4,550.00 EAJA fee.

(Dkt. 31-1 at ¶ 8).  The Commissioner filed a response, indicating that although he does not object to the amount Plaintiff's counsel's fee request, the Court must determine whether Plaintiff's fee request is timely.  (*See* Dkt. 33).

## DISCUSSION

As a preliminary matter, the Commissioner challenges the timeliness of Plaintiff's motion and amended motion for attorneys' fees.  (Dkt. 33 at 4-5).  Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award.  *Sinkler*, 932 F.3d at 88. And a presumption applies that a notice is received "three days after mailing."  *Id.* at 89 n.5.  This District's Local Rule 55(g)(1) provides that "[u]nless otherwise established, the Court will assume that counsel representing the plaintiff in federal court received notice of the benefits calculation at the same time as the plaintiff."

At the conclusion of remand proceedings, the Social Security Administration (the "Administration") issued a Notice of Award to Plaintiff on April 14, 2020.  (Dkt. 31-1 at ¶ 4; Dkt. 33 at 2, 4).  However, the Administration failed to notify Plaintiff's counsel of the award until August 11, 2020.  (Dkt. 25 at 2; Dkt. 33 at 2, 5).  The first motion for attorneys' fees was filed pursuant to § 406(b) on August 25, 2020—14 days after Plaintiff's counsel received notice of the award.   Indeed, Plaintiff's counsel has established, and the Commissioner has confirmed, that the Administration failed to notify counsel of the Notice of Award until August 11, 2020, which is sufficient to establish that Plaintiff's counsel received Notice of Award on that date as opposed to the date on which Plaintiff received the Notice.  *See* L. R. Civ. P. 55(g)(1).  Furthermore, the Second Circuit in *Sinkler*

emphasized that "district courts are empowered to enlarge [the Rule 54] filing period where circumstances warrant." 932 F.3d at 89. Given Plaintiff's counsel's uncontested lack of notice of the Notice of Award and subsequent filing within 14 days of receiving notice, the Court finds that the Plaintiff's motion for attorneys' fees is timely or, alternatively, tolls the deadline for the filing of the attorney fee application until 14 days after the August 11, 2020 receipt of the notice by Plaintiff's counsel. The Court will proceed to assess the merits of Plaintiff's motion for attorney's fees pursuant to § 406(b).

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section

406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* at 807 n.17.   As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).   Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

Here, the requested fee of $7,020.15 represents the 25 percent statutory cap of $13,001.40 less the fee amount of  $5,981.25 awarded to the agency representative.  (*See* Dkt. 31-1 at ¶¶ 5-7).  As such, the requested fee falls within the statutory 25 percent cap. There is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  (*See* Dkt. 33 at 6).   Additionally, counsel was not responsible for any delay and provided effective representation.  The hours expended by counsel on the case were reasonable in light of the issues presented.  Despite having his application for benefits initially denied, due to counsel's efforts, Plaintiff secured a recovery of past-due benefits.  (*See* Dkt. 22-3).

The Court finds that the requested fee does not constitute a windfall to counsel.  The requested fee would result in a *de facto* hourly rate of $560.74 ($7,020.15 less $2,737.50 for law clerk fees at the hourly rate of $125 and $750.00 for paralegal fees at the hourly rate of $100, divided by 6.3 hours).  (Dkt. 31-1 at ¶ 10; Dkt. 33 at 5).  "In assessing whether a requested fee would constitute a windfall, courts consider whether counsel achieved particularly good results for the claimant; whether counsel expended effort beyond boilerplate submissions, such as in briefing material issues of fact or particular legal issues; and whether counsel handled the case efficiently due to his or her experience in handling social security cases."  *Ladonia H. v. Comm'r of Soc. Sec.*, No. 17-CV-1148S, 2021 WL 671595, at *2 (W.D.N.Y. Feb. 22, 2021).

In this matter, counsel prevailed on a contested motion for judgment on the pleadings and ultimately obtained an award of benefits to the Plaintiff.  Although courts in this circuit have held that *de facto* hourly rates above $500 per hour are unreasonable, *Morris v. Saul*, 17-CV-259 (PKC), 2019 WL 2619334, at *3 (E.D.N.Y. June 26, 2019) (collecting cases), courts have also found rates in excess of those counsel seeks in this matter to be reasonable, *id.* at *3 n.4.  Other recent cases in this district have determined that a *de facto* hourly rate in excess of that sought by Plaintiff do not constitute a windfall. *See Amy Sue H. v. Comm'r of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697.20 and $1,000 to be reasonable in this district).

Having considered the required factors, the reasoning in the foregoing cases, and the argument set forth by counsel, the Court concludes that counsel's effective hourly rate

- 6 -

of $560.74 per hour is in line with awards generally approved in this district for similar work performed.  The Court is "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'"  *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y July 10, 2018) (quoting *Wells*, 907 F.2d at 371).  Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)."  *Id.* (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $4,550.00.  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. . . .").  Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $560.74 does not constitute a windfall for Plaintiff particularly where Plaintiff prevailed in his motion for judgment on the pleadings.  Counsel must return the EAJA fees in the amount of $4,550.00 to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff's § 406(b) amended motion for attorneys' fees (Dkt. 31) is granted, Plaintiff's first motion for attorneys' fees (Dkt. 22) is denied as moot, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $7,020.15, out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $4,550.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court


DATED:       October 20, 2021
             Rochester, New York